**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1224

YONG HUANG,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 27, 2012        Decided: October 5, 2012

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Adedayo O. Idowu, LAW OFFICES OF ADEDAYO O. IDOWU, PLLC, New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Jeffrey R. Meyer, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yong Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal of the Immigration Judge's decision denying relief from removal. Huang first disputes the finding that he failed to qualify for asylum, contending that he demonstrated past persecution and asserting that the Board erred in concluding that his resistance to China's coercive population control policy was not one central reason for the alleged persecution.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."

Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Huang failed to show that he suffered past persecution or has a well-founded fear of future persecution. We therefore uphold the denial of Huang's requests for asylum and withholding of removal. See Camera v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Finally, Huang challenges the denial of his application for protection under the Convention Against Torture (CAT). To qualify for this relief, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). We have reviewed the evidence of record and conclude that substantial evidence supports the agency's denial of CAT protection.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4